UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE BROOKS,

    Plaintiff,                                 CIVIL ACTION NO. 09-10410

v.                                         DISTRICT JUDGE GERALD E. ROSEN
                                             MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work prior to December 31, 2007, when her insured status expired.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on May 12, 2003, alleging that she had been disabled and unable to work since October 9, 2002, at age 33, due to bilateral carpal tunnel syndrome and status post surgical wrist repair. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on July 3, 2008[1], before Administrative Law Judge (ALJ) Lawrence Blatnik. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform

---

[1]An earlier hearing was held on July 18, 2005, before ALJ Samuel Durso, resulting in a decision to deny disability benefits (TR 224-247). The Appeals Council upheld the ALJ's denial on November 7, 2006 (TR 2-4). This Court remanded the matter in August 2007, for further administrative action to evaluate claimant's subjective complaints and their impact on her residual functional capacity (TR 270-272).

a restricted range of light work prior to December 31, 2007, when her insured status expired. The Law Judge found that the claimant was unable to climb ladders, use power tools, or be exposed to dangerous machinery and unprotected heights. She was also unable to crawl, and could only occasionally reach, push, pull, handle, feel or finger objects with her left hand. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 39 years old at the time of the remand hearing (TR 340). She had been graduated from high school, and had been employed by a Lansing, Michigan newspaper as a data entry clerk during the relevant past (TR 68, 232, 249). Plaintiff's clerical job allowed her to alternate between sitting and standing during the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 50 pounds on a regular basis (TR 55, 64-65). Claimant alleged that she became disabled and unable to work in October 2002[2], due to severe bilateral wrist/hand weakness (TR 228).

Claimant testified that she remains disabled as a result of bilateral hand pain and stiffness (TR 348).  While Plaintiff  underwent surgery on both wrists to help alleviate her hand pain, she stated that the two operations actually made the pain worse (TR 349).  The claimant added that she did not take prescription pain medications, but instead relied on over-the-counter drugs to get periodic relief (TR 351).  Plaintiff claimed that she could not lift more than five pounds, and that she had trouble turning a door nob or picking up a coin

---

[2]The claimant worked as a quality inspector from approximately November 2007 through March 2008, before stopping the employment to give birth (TR 342, 345). According to the ALJ, the claimant's earnings from the job were not high enough to qualify as substantial gainful activity (TR 262).

**2**

(TR 353). She avoided opening jars and bottles, but was able to care for her three month old child with the help of her mother (TR 354).

A Vocational Expert, Melody Henry, classified Plaintiff's past customer service work for a newspaper as sedentary, semiskilled activity (TR 372). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[3] (TR 380). If she were capable of light work, however, there were numerous clerical, receptionist, information clerk and visual surveillance monitor jobs that she could perform with minimal vocational adjustment (TR 373-374). These jobs did not require forceful grasping of objects, stair climbing, or repetitive use of the hands in the performance of assigned duties. They did not require the use of vibrating power tools. Furthermore, these simple, routine jobs did not expose workers to unprotected heights or moving machinery (TR 372).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of a hand/wrist disorder, status post surgical repairs, bilateral carpal tunnel syndrome and de Quervain's tendonitis/arthritis of the right hand, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's hand and wrist disorder prevented her from working at jobs requiring repetitive hand motions, forceful grasping of objects and working around dangerous machinery. The ALJ also restricted her from climbing ladders, using power tools, or working at unprotected heights. Nevertheless, the Law Judge found that the claimant

---

[3] The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 380).

**3**

retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert, prior to the expiration of her insured status in December 2007.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that

the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her hand and wrist disorder.

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, routine, light work requiring no repetitive hand movements, prior to December 31, 2007. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling hand and wrist pain and stiffness.

Plaintiff's treating physician, Dr. Edward Lanigan, noted in August 2005, that the claimant could return to work with certain restrictions (TR 215). Dr. Lanigan concluded that

the claimant could walk and stand for 6 hours of a normal workday. Despite this restriction, the treating doctor opined that Plaintiff's functional limitations would not "disrupt her from engaging in a regular job schedule." (TR 215).

The opinion that the claimant could return to work, despite her hand pain and weakness, was shared by Dr Elaine Koutanis. In a report dated October 2005, the neurologist opined that Plaintiff did not have any impairment that would affect her ability to sit, stand, walk, push, pull, balance, crouch or crawl (TR 221-222). Other than restricting claimant from lifting more than 10 pounds with her left hand, Dr. Koutanis determined that she remained physically capable of engaging in substantial gainful activity (TR 221, 305, 311).

Following additional right hand surgery in 2007, the claimant told her doctor that pain medications and other treatments worked well and made her symptoms tolerable (TR 315). Dr. Abdalmajid Katranji, another treating physician, examined the Plaintiff's right hand soon after the surgery. The doctor reported on May 3, 2007, that she was able to use her hand without any restriction (TR 315). The claimant was able to return to work on a full time basis between November 2007 and March 2008, performing hand intensive tasks (TR 342-343). Plaintiff stopped working in March 2008, in order to have a baby (TR 345-346). Given this evidence, the ALJ reasonably concluded that Plaintiff's treatment history undermined her allegations of severe and totally disabling pain symptoms.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered fatigue or drowsiness, or that she needed to recline frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations

by restricting her to jobs that did not involve bilateral manual vibrations or exposure to unprotected heights and moving machinery.

    Plaintiff relies heavily upon the fact that Dr. Katranji eventually found her to be totally disabled in June 2008 (TR 334). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Katranji offered no objective evidence to support his statement of disability, his opinion need not have been given any special weight[4]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

    It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony

---

[4] The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support any disability (TR 267). Moreover, Dr. Katranji's disability opinion was offered in June 2008, well after the expiration of claimant's insured status on December 31, 2007. Furthermore, Dr. Katranji specifically mentioned that his opinion only related back three months (TR 334). Therefore, by its own terms, Dr. Katranji's June 2008, opinion does not purport to address Plaintiff's condition during the insured period.

fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled clerical, receptionist, information clerk and visual surveillance monitor jobs that she could perform with minimal vocational adjustment (TR 373-374). These jobs did not require forceful grasping of objects, stair climbing, or repetitive use of the hands in the performance of assigned duties.  They did not require the use of vibrating power tools. Furthermore, these simple, routine jobs did not expose workers to unprotected heights or moving machinery[5] (TR 372). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

---

[5]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described her hand weakness as well as her moderate difficulties in concentration, persistence and pace.  The VE testified that the type of jobs identified by her did not require forceful gripping. The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                 s/Donald A. Scheer
                                                 DONALD A. SCHEER
                                                 UNITED STATES MAGISTRATE JUDGE

DATED: November 30, 2009

_____

### CERTIFICATE OF SERVICE

      I hereby certify on November 30, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 30, 2009: **None.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217